IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KELLY CHOTT,
    *Plaintiff,*

v.

CLIFFORD HUNSAKER,
    *Defendant.*

Case No. 25-cv-1874-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kelly Chott seeks a peace order against Defendant Clifford Hunsaker, her supervisor at the Defense Information Systems Agency ("DISA"). Mr. Hunsaker has removed this case from the District Court of Maryland for Anne Arundel County to this Court. Ms. Chott contested removal and Mr. Hunsaker moved to dismiss. For the reasons explained herein, the Court will dismiss the portions of Ms. Chott's case that relate to Mr. Hunsaker's work duties and remand the remaining claims.

**I.   BACKGROUND**

The following facts are drawn from Ms. Chott's petition, which the Court will assume to be true for purposes of the motion to dismiss. *See Kerns v. United States*, 585 F.3d 187, 192–93 (4th Cir. 2009). Both parties are employees at DISA, a federal agency, where Mr. Hunsaker is Ms. Chott's supervisor. ECF No. 4 at 3. Ms. Chott alleges that Mr. Hunsaker engaged in "harassment, stalker-like behavior and retaliatory conduct" towards her. *Id*. Ms. Chott filed HR and security complaints, and Mr. Hunsaker was issued an internal "No Contact Order." *Id*. Subsequently, Mr. Hunsaker allegedly sent Ms. Chott "disruptive" emails and a "disturbing" text message late at night. *Id*.

1

Ms. Chott filed a petition for a peace order in the District Court of Maryland for Anne Arundel County (Case No. D-07-CV-25-817685). *Id.* at 4. Her petition requested an order that Mr. Hunsaker not contact or attempt to contact her and that Mr. Hunsaker be "remov[ed]" as her supervisor. *Id.* The District Court of Maryland issued a temporary peace order on June 6, 2025 effective through June 12. *Id.* at 1. The temporary order prevented Mr. Hunsaker from (1) committing or threatening to commit certain violent acts; (2) contacting or attempting to contact Ms. Chott; and (3) entering Ms. Chott's residence. *Id.* The District Court set a hearing for a final peace order on June 12. *Id.*

On June 11, Mr. Hunsaker removed the case to this Court pursuant to federal officer removal jurisdiction. ECF No. 1 at 2; 28 U.S.C. § 1442(a). Ms. Chott has moved to remand the case back to state court, ECF No. 18, and Mr. Hunsaker has moved to dismiss, ECF No. 20.

## II.    DISCUSSION

### A.    Standard of review

Mr. Hunsaker argues that the case should be dismissed on sovereign immunity grounds for lack of subject matter jurisdiction. *See Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) ("[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction.") (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). "[A] defendant may challenge subject matter jurisdiction in one of two ways." *Kerns*, 585 F.3d at 192. "When a defendant makes a facial challenge to subject matter jurisdiction, 'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219

(4th Cir. 1982)). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* Alternatively, rather than challenge the sufficiency of the complaint as pled, a defendant may contend that its jurisdictional allegations are not true. In this mode of challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.*

Here, Mr. Hunsaker has so far only challenged the legal sufficiency of the petition rather than contesting the truth of its allegations. *See* ECF No. 20-1 at 3–5. So the Court will construe the motion to be a facial jurisdictional challenge, and will assume the truth of Ms. Chott's factual allegations for purposes of the instant motion.

### B.     Sovereign immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Thus, the United States "cannot be sued without Congress's consent." *Evans v. United States*, 105 F.4th 606, 612 (4th Cir. 2024). Further, "[a] suit against a government officer in [the officer's] official capacity is really 'a suit against the official's office,' and so officers acting within their authority generally also receive sovereign immunity." *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)).

Under these principles, Mr. Hunsaker's sovereign immunity defense raises two issues: (1) whether Ms. Chott's suit against Mr. Hunsaker is related, in whole or in part, to his official capacity as a federal employee, and (2) if so, whether Congress has waived sovereign immunity for a such a suit.

3

On the first issue, the bulk of Ms. Chott's allegations relate to Mr. Hunsaker's official duties. The petition notes that Mr. Hunsaker is Ms. Chott's supervisor, and that she reported her concerns through various internal workplace channels. ECF No. 4 at 3. It states that she received "accusatory emails" from Mr. Hunsaker and that he "discuss[ed] [her] with coworkers." *Id.* This behavior "obstructed [Ms. Chott's] ability to perform [her] job" and made her "frightened to be in the office." *Id.* at 4. Her petition requests a no-contact order, but also an order "removing [Mr. Hunsaker] as [her] supervisor." Most of Mr. Hunsaker's behavior appears to have occurred "in the workplace during work hours in front of his subordinates" and relates to his supervisory role over Ms. Chott, so it was "within the scope of his delegated authority." *Sidler v. Snowden*, Case No. 13-cv-658-AW, 2013 WL 1759579, at *2 (D. Md. Apr. 23, 2013). Thus, the portions of Ms. Chott's petition seeking to restrain Mr. Hunsaker's job-related communication and actions "will be treated as an action against the United States." *Id.*; *see also Simon v. O'Malley*, Case No. 123-cv-335, 2024 WL 779603, at *2 (E.D. Va. Feb. 26, 2024) (for conduct that occurred "in the workplace . . . and within the confines of the supervisor-employee relationship" the court "construe[d] this suit as one against the United States").

On the second question, the United States has not waived sovereign immunity for the portions of the petition that relate to Mr. Hunsaker's official duties. "Federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees when such petitions are based on alleged misconduct in the workplace and seek to restrain the conduct of a co-worker at a federal office." *Chambers v. Reid*, Case No. 19-cv-0137-TDC, 2019 WL 1992348, at *3 (D. Md. May 6, 2019). This is because no statute allows for such suits. Congress has consented to certain tort claims

4

via the Federal Tort Claims Act (FTCA). 28 U.S.C. § 1346. But "the FTCA by its plain terms applies only to suits seeking money damages," not to claims for equitable relief. *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014). Similarly, although Title VII of the Civil Rights Act of 1964 allows for employment discrimination suits against the United States, that only applies to "actions that are filed in federal court after having been administratively exhausted," not the state court petition here. *Chambers*, 2019 WL 1992348, at *2. The Court will dismiss the aspects of Ms. Chott's petition that relate to Mr. Hunsaker's job.

That leaves the aspects of Ms. Chott's petition and the temporary peace order that were not related to Mr. Hunsaker's job. Ms. Chott alleges that Mr. Hunsaker sent her a "disturbing" text message at 12:48 a.m on May 27, 2025. ECF No. 4 at 3. Further, the temporary peace order directed Mr. Hunsaker not to enter Ms. Chott's residence or to take certain actions that clearly go beyond his workplace duties, such as not threatening Ms. Chott with bodily harm. *Id.* at 1. For any aspects of the petition targeting conduct outside of work hours, the workplace, and work duties, Mr. Hunsaker was not acting within his official capacity, so the suit cannot be construed as against the United States. *See Chambers*, 2019 WL 1992348 at *3 ("[T]o the extent that the Petition can be construed as seeking to address conduct outside the workplace, including any request that [Defendant] not visit [Plaintiff's] residence or secondary place of employment in the private sector, such claims would not reasonably be construed as claims against [Defendant] in her capacity as a federal employee and thus would not implicate sovereign immunity.").

The Court will remand the non-work-related parts of Ms. Chott's petition. Under the federal officer removal statute, a state court action can be removed when brought

against a federal officer "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Removal of the claims related to Mr. Hunsaker's official duties are thus proper under this statute, and, as described, those claims are dismissed for lack of subject matter jurisdiction. But Mr. Hunsaker's non-work-related actions are not properly removed under this statute, because they are not "under color of such office." *See Haynie v. Bredenkamp*, Case No. 16-cv-773-CEJ, 2016 WL 3653957, at *1 (E.D. Mo. July 8, 2016) ("[P]laintiff also alleges that defendant stalked her outside the workplace, thus negating a causal element between his actions and official authority. Accordingly, the Court finds that removal of the claims arising from conduct outside the workplace was not authorized under 28 U.S.C. § 1442(a)(1)."). The Court will remand the case back to the District Court of Maryland to consider only the aspects of the petition that seek to restrain conduct outside of Mr. Hunsaker's employment, such as contact outside of work and unrelated to work matters or presence at Ms. Chott's residence. *See Chambers*, 2019 WL 1992348, at *3 (remanding the claims in a similar case that could "not reasonably be construed as claims against [Defendant] in her capacity as a federal employee"); *Perkins v. Dennis*, Case No. 16-cv-2865-TDC, 2017 WL 1194180, at *3 (D. Md. Mar. 30, 2017) (same). Mr. Hunsaker appears to concede that a limited remand of this nature is appropriate. ECF No. 22 at 2 ("[T]he state court may address any allegation related to Hunsaker's conduct outside the workplace, including the specific request that Defendant not visit Plaintiff's residence, because the same does not implicate sovereign immunity. Contrary to Plaintiff's argument, dismissal and remand does not leave Plaintiff without a remedy.") (quotations and citations omitted).

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The motion to dismiss (ECF No. 20) is GRANTED in part and DENIED in part, and the petition is DISMISSED insofar as it seeks to restrain Mr. Hunsaker's work-related communication or activities;

2. The motion to remand (ECF No. 18) is GRANTED in part and DENIED in part;

3. The petition is REMANDED to the District Court of Maryland for Anne Arundel County only insofar as it relates to Mr. Hunsaker's actions outside the scope of his federal employment;

4. The Clerk of Court is directed to mark this case as CLOSED.

Date: November 10, 2025

/s/
Adam B. Abelson
United States District Judge